Taylor, C.J.
At issue in this case is whether MRE 803(2),[1] the excited utterance exception to the hearsay rule, requires as a prerequisite to the admission of an out-of-court statement that a startling event or condition be established without considering the out-of-court statement itself. We conclude that the plain language of the rule, when applied as instructed by MRE 1101(b)(1)[2] and MRE 104(a),[3] allows the court to con *128 sider the statement along with other evidence to prove the existence of a startling event or condition. Accordingly, we overrule People v Burton, 433 Mich 268; 445 NW2d 133 (1989), to the extent that it held that the statement itself could not be considered along with the independent evidence to decide admissibility. This exclusion of any consideration of the statement was an incorrect understanding of the requirements of MRE 803(2). For this reason, we reverse the judgment of the Court of Appeals and the order of the trial court that relied on Burton, and we remand this case to the trial court for further proceedings consistent with this opinion.
I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE
On May 17, 2004, Suzanne Bartel, defendant’s longtime, live-in girlfriend, pounded on her neighbors’ door, said that defendant was chasing her with an ax, and asked to use their phone. She was hysterical and crying. Her hysteria continued as she reported to the 911 operator that defendant had kicked the door in, beaten her, tried to strangle her, and brandished a hatchet. At one point, the 911 operator advised her to calm down and gain control of her breathing. Bartel informed the 911 operator that defendant had told her never to call the police or he would kill her.
When the first responding officer arrived, Bartel similarly told him that defendant had punched a hole in the bedroom door, pinned her to the bed, and begun *129 hitting her face; shortly afterward, defendant had picked up a hatchet, grabbed her around the neck, raised the hatchet, and said he was going to kill her. The officer observed that Bartel was so agitated that she could not sit down and that it was apparent that Bartel had been crying. When he and other officers searched Bartel’s house, they found the hatchet in the house and a 12-inch hole in one of the doors. The officers observed marks on Bartel’s shoulders and one arm and a cut on the inside of her mouth.
Defendant was charged with domestic assault (second offense) and felonious assault. At the preliminary examination, Bartel refused to testify. Faced with the prospect of a dismissal of the charges because of insufficient proofs, the prosecuting attorney attempted to have admitted, as excited utterances under the hearsay[4] exception provided in MRE 803(2), the statements Bartel made to the 911 operator, one of the neighbors, and the police officer. The defense countered that Burton requires that the startling event be established by evidence solely apart from an excited utterance before the excited utterance can be admitted and that insufficient independent evidence had been offered in this case. The examining magistrate agreed with defendant that Burton’s requirements for independent evidence of the assault had not been met and thus dismissed the charges. The prosecution appealed in the circuit court, asserting that MRE 803(2), as written, does not require that the startling event be established only with evidence independent of the statement itself and that the Burton Court had unwarrantedly read the requirement into the rule. The circuit court affirmed on *130 the basis of Burton, and the prosecution then sought leave to file an appeal in the Court of Appeals, again arguing that Burton had been incorrectly decided. The Court of Appeals heard the case and concluded that, whatever the merits of the prosecution’s argument, it had no authority to revise or alter in any fashion a decision of the Supreme Court.[5]
The prosecution sought leave to appeal in this Court, and we ordered oral argument on whether to grant the application and directed the parties to address whether Burton should be overruled. People v Barrett, 478 Mich 875 (2007).
II. STANDARD OP REVIEW
Whether MRE 803(2) contains a requirement that the startling event or condition be established without consideration of the statement itself is a question of law, which is reviewed de novo. Waknin v Chamberlain, 467 Mich 329, 332; 653 NW2d 176 (2002) (stating that the meaning of a Michigan rule of evidence is examined in the same manner as a court rule or statute is examined: they all present questions of law, which are reviewed de novo).
III. ANALYSIS
Evidentiary rulings in Michigan courts are controlled by the Michigan Rules of Evidence, which this Court adopted in 1978. When we adopted the rules of evidence, they were closely patterned after the Federal Rules of Evidence, People v Kreiner, 415 Mich 372, 378; 329 NW2d 716 (1982), but we did not adopt all the federal rules verbatim. One that we adopted verbatim *131 was MRE 803(2), the excited utterance rule at issue in this case. Both the federal and state versions of the rule state simply that, although hearsay, a statement will not be excluded by the hearsay rule if it is “[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.”
Thus, while both rules require that there be a startling event or condition, they indisputably do not preclude consideration of the statement itself for the purpose of establishing the startling event or condition. Nevertheless, in 1989, the Burton Court, over the dissent of Justice BOYLE and without invoking the rules-amendment process,[6] concluded that a proffered excited utterance could not be used to satisfy the *132 conditions for its own admissibility. Burton, supra at 294. In reaching this conclusion, the Burton Court initially focused on the notion that there must be evidence independent of the statement itself to establish the existence of a startling event or condition before the statement could be admitted as an excited utterance.[7] We deal with a situation in this case for which there clearly was independent evidence to corroborate the existence of the startling event or condition.[8] Therefore, we do not need to reach the question whether the statement standing alone could supply the evidence of the startling event.[9]
*133 Instead, we focus on Burton’s wholesale preclusion of the use of the statement to establish the existence of the startling event or condition. The Burton Court, without any citation to authority and, in fact, ignoring the significance of the other rules of evidence we have cited here, stated: “[T]he excited utterance must not be used to substantiate the event from which the utterance must be shown to have arisen. In order to guard against this ‘bootstrapping,’ we must determine whether the nonexcited-utterance evidence independently furnishes proof of the underlying event.” Id. at 295.
It is this unsupported notion that is the subject of controversy in the instant case, and it is with this notion that we take issue precisely because of the Burton Court’s failure to recognize and follow established rules of evidence that had guided the prevailing practice of determining evidentiary admissibility for the 11 years preceding the Burton decision. Of particular importance in the context of excited utterances are MRE 1101(b)(1) and MRE 104(a). MRE 1101(b)(1) provides:
(b) Rules inapplicable. The rules [of evidence] other than those with respect to privileges do not apply in the following situations and proceedings:
(1) Preliminary Questions of Fact. The determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104(a).
Clearly, the existence of a startling event or condition is a question of fact that a trial court must decide before it may admit a statement under MRE 803(2) as an excited utterance. Thus, MRE 1101(b)(1) directs the *134 court to comply with MRE 104(a) when deciding whether a startling event or condition exists. And MRE 104(a), which, like MRE 803(2), is identical to its federal counterpart, FRE 104(a), provides:
Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the Rules of Evidence except those with respect to privileges. [Emphasis added.]
Had the Burton Court read MRE 1101(b)(1) and MRE 104(a) together and applied those rules to its interpretation of MRE 803(2), as it was constrained to do, the Court would have come to the inescapable conclusion, as we do now, that a trial court may consider any evidence regardless of that evidence’s admissibility at trial, as long as the evidence is not privileged, in determining whether the evidence proffered for admission at trial is admissible. In the context of an excited utterance, then, this means that even though an out-of-court statement may not be admitted at trial without adequate indicia of reliability, i.e., the existence of a startling event or condition, the trial court can consider the statement when determining whether the indicia of reliability have been met, i.e., that the startling event or condition has been established.
Although the Burton Court referred to MRE 104(a) when it stated that “a trial judge ruling on the admissibility of evidence need not confine his review to admissible evidence only” under this rule, Burton, supra at 295, the Court inexplicably declined to allow the consideration of an excited utterance itself on the ground that to do so would allow a hearsay statement to be lifted “ £ “by its bootstraps to the level of competent *135 evidence,” ’ ” id. at 281-282, quoting People v Vega, 413 Mich 773, 780; 321 NW2d 675 (1982), quoting Glasser v United States, 315 US 60, 75; 62 S Ct 457; 86 L Ed 680 (1942), even though such a result was permissible under MRE 104(a).[10]
The problem with relying on Vega, which relied on Glasser for the proposition that an inadmissible statement may not bootstrap its way into admissibility, is that just as Rogers v Saginaw-Bay City R Co, 187 Mich 490; 153 NW 784 (1915), was decided before the Michigan Rules of Evidence were adopted, Glasser was decided before the Federal Rules of Evidence were adopted. And the adoption of these rules changed the process governing a trial court’s admissibility determinations.
In Bourjaily v United States, 483 US 171, 178; 107 S Ct 2775; 97 L Ed 2d 144 (1987), the United States Supreme Court considered the continued viability of Glasser’s bootstrapping analysis in light of the enactment of the Federal Rules of Evidence and concluded that to the extent that Glasser was inconsistent with *136 FRE 104, which is identical to MRE 104, Glasser was overruled. The Court specifically held that “a court, in making a preliminary factual determination under [FRE] 801(d)(2)(E), may examine the hearsay statements sought to be admitted.” Bourjaily, supra at 181. In reaching this conclusion, the Court reasoned that FRE 104 on its face permits the trial court to “consider any evidence whatsoever, bound only by the rules of privilege.” Id. at 178. Nevertheless, even though Bourjaily overruled the very same proposition that Burton relied on, and even though Burton was decided two years after Bourjaily, the Burton Court chose to follow overruled precedent rather than follow the guidance provided by the United States Supreme Court.[11]
*137 Properly understood then, MRE 104(a) permits a trial court to consider any evidence, unless it implicates a privilege, when making preliminary determinations concerning the admissibility of proffered evidence, and MRE 803(2), when applied in accordance with MRE 104(a), does not premise the admissibility of an excited utterance on the proponent’s ability to establish the existence of a startling event or condition without considering the utterance itself. In the instant case, Bartel’s statement to her neighbor that defendant was chasing her with an ax; her statements to the 911 operator that defendant had kicked the door down, beaten her, tried to strangle her, and threatened her with a hatchet; and her similar statements to the responding police officer, as corroborated by the neighbor’s observation that Bartel was hysterical and crying, the transcript of the 911 call in which the operator advised Bartel to calm down and gain control of her breathing, the first responding officer’s observation *138 that Bartel was so agitated that she could not sit down and that she had been crying, the hatchet in the house, a 12-inch hole in one of the doors, the marks on her shoulders and arm, and the cut on the inside of her mouth, all support that hers were excited utterances pertaining to a startling event or condition. Thus, the out-of-court statements were admissible under the excited utterance exception to the rule against hearsay.
IV STARE DECISIS
In assessing whether to overrule a prior decision, we must consider whether the earlier decision was incorrectly decided and whether overruling the decision would work an undue hardship because of reliance interests or expectations that have arisen. Robinson v Detroit, 462 Mich 439, 465-466; 613 NW2d 307 (2000). For the reasons previously discussed, we conclude that Burton was incorrectly decided. “As to the reliance interest, the Court must ask whether the previous decision has become so embedded, so accepted, so fundamental, to everyone’s expectations that to change it would produce not just readjustments, but practical real-world dislocations.” Id. at 466. The decision in Burton has not become so fundamental that overruling it will interfere with any legitimate reliance or expectation interests. “[T]o have reliance the knowledge must be of the sort that causes a person or entity to attempt to conform his conduct to a certain norm before the triggering event.” Id. at 467. The Burton Court’s decision cannot be said to have caused people to alter their conduct in any way. Therefore, overruling Burton will create no “practical real-world dislocations.”
*139 V CONCLUSION
The plain language of MRE 803(2), the excited utterance exception to the hearsay rule, does not require that a startling event or condition be established solely with evidence independent of an out-of-court statement before the out-of-court statement may be admitted. Rather, MRE 1101(b)(1) and MRE 104(a) instruct that when a trial court makes a determination under MRE 803(2) about the existence of a startling event or condition, the court may consider the out-of-court statement itself in concluding whether the startling event or condition has been established. Because Burton failed to consider MRE 1101(b)(1) and MRE 104(a) when interpreting MRE 803(2), it reached the wrong result and must be overruled with respect to this issue. Because the lower courts in this case relied on Burton, we reverse the judgment of the Court of Appeals and the order of the trial court, and we remand this case to the trial court for further proceedings consistent with this opinion.
Reversed and remanded to the trial court.
Corrigan, Young, and Markman, JJ., concurred with Taylor, C.J.

 MRE 803(2) provides:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
(2) Excited Utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

 MRE 1101(b)(1) provides:
(b) Rules inapplicable. The rules [of evidence] other than those with respect to privileges do not apply in the following situations and proceedings:
(1) Preliminary Questions of Fact. The determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104(a).

 MRE 104(a) provides:
*128 Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the Rules of Evidence except those with respect to privileges.

 A hearsay statement is an out-of-court statement made by someone other than a declarant at trial and offered in evidence to prove the truth of the matter asserted. MRE 801(c).

 People v Barrett, unpublished memorandum opinion of the Court of Appeals, issued December 19, 2006 (Docket No. 261382).

 The amendment process, as outlined in MCR 1.201, provides:
(A) Notice of Proposed Amendment. Before amending the Michigan Court Rules or other sets of rules within its jurisdiction, the Supreme Court will notify the secretary of the State Bar of Michigan and the state court administrator of the proposed amendment, and the manner and date for submitting comments. The notice also will be posted on the Court’s website, www.supremecourt.state.mi.us.
(B) Notice to Bar. The state bar secretary shall notify the appropriate state bar committees or sections of the proposed amendment, and the manner and date for submitting comments. Unless otherwise directed by the Court, the proposed amendment shall be published in the Michigan Bar Journal.
(C) Notice to Judges. The state court administrator shall notify the presidents of the Michigan Judges Association, the Michigan District Judges Association, and the Michigan Probate and Juvenile Court Judges Association of the proposed amendment, and the manner and date for submitting comments.
(D) Exceptions. The Court may modify or dispense with the notice requirements of this rule if it determines that there is a need for immediate action or if the proposed amendment would not significantly affect the delivery of justice.
*132 (E) Administrative Public Hearings. The Court will conduct a public hearing pursuant to Supreme Court Administrative Order 1997-11 before acting on a proposed amendment that requires notice, unless there is a need for immediate action, in which event the amendment will be considered at a public hearing following adoption. Public hearing agendas will be posted on the Court’s website.

 The Burton Court relied on a passage in Rogers v Saginaw-Bay City R Co, 187 Mich 490, 494-495; 153 NW 784 (1915), in which the Rogers Court held that a decedent’s statement could not be used to establish its own spontaneity because the statement had not yet been admitted. Burton, supra at 280-281. Because Rogers was decided before MRE 104(a) was adopted, and MRE 104(a) effectively superseded the Rogers decision, this Court’s adoption of MRE 104(a) essentially rejected the reasoning in Rogers. Thus, the Burton Court’s reliance on Rogers 11 years after the adoption of MRE 104(a) was in error.

 There was a plethora of independent evidence indicating that Bartel had been exposed to a startling event or condition, namely, the neighbor’s testimony that Bartel pounded frantically on the neighbors’ door, Bar-tel’s panicked state when speaking to the 911 operator, the responding officer’s observation that Bartel was so hysterical when he arrived that she could not sit down, the hatchet inside the house, the 12-inch hole in one of the doors, the marks on Bartel’s shoulders and arm, and the cut inside her mouth.

 Concerning that question, the 1972 advisory committee’s notes to FRE 803(2) indicated in relevant part that “[wlhether proof of the startling event may be made by the statement itself is largely an academic *133 question, since in most cases there is present at least circumstantial evidence that something of a startling nature must have occurred.” (Emphasis in original.)

 The dissent acknowledges that “[t]he court [is] free under MRE 104(a) to consider other inadmissible evidence when deciding whether to admit a statement under MRE 803(2),” but states that the court may not consider the statement itself. Post at 145. However, the dissent does not explain why MRE 104(a) allows the court to consider any evidence, including inadmissible evidence, but not the statement sought to be admitted. Similarly, the dissent contends that “while MRE 104(a) provides that the court is not bound by the rules of evidence while making determinations concerning admissibility, MRE 104(a) does not permit the court to disregard the criteria for admissibility inherent in the rule of evidence under consideration.” Post at 145 . This statement makes no sense: MRE 104(a) provides that the court is not bound by the rules of evidence while making admissibility determinations, but the court is bound by MRE 803(2). Either the court is bound by the rules of evidence when making admissibility determinations or it is not. The dissent cannot have it both ways.

 Vega, Glasser, and Bourjaily all involved the admission of a coconspirator’s statement against a defendant. At the time Bourjaily was decided, FRE 801(d)(2)(E) did not provide, as MRE 801(d)(2)(E) did, that the conspiracy must be established with independent proof. In 1997, 10 years after the Bourjaily decision, FRE 801(d)(2)(E) was amended to provide that “[t]he contents of the statement shall be considered but are not alone sufficient to establish ... the existence of the conspiracy and the participation therein ....” According to the relevant portion of the 1997 advisory committee’s notes,
[FRE] 801(d)(2) has been amended in order to respond to three issues raised by [Bourjaily]. First, the amendment codifies the holding in Bourjaily by stating expressly that a court shall consider the contents of a coconspirator’s statement in determining “the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered.” According to Bourjaily, [FRE] 104(a) requires these preliminary questions to be established by a preponderance of the evidence.
Second, the amendment resolves an issue on which the Court has reserved decision. It provides that the contents of the declarant’s statement do not alone suffice to establish a conspiracy in which the declarant and the defendant participated. The court must consider in addition the circumstances surrounding the statement, such as the identity of the speaker, the context in which the statement was made, or evidence corroborating the contents of *137 the statement in making its determination as to each preliminary question. This amendment is in accordance with existing practice. Every court of appeals that has resolved this issue requires some evidence in addition to the contents of the statement. [Citations omitted.]
The dissent claims that “[t]he amendment... indicated a prevailing policy against allowing the type of bootstrapping that the majority’s approach will permit in the context of MRE 803(2).” Post at 148. This is clearly incorrect, given that the amended version of FRE 801(d)(2) expressly states that “[t]he contents of the statement shall be considered ....” The dissent also suggests that we are permitting a statement to serve as the only proof of a startling event or condition. Post at 146. In doing so, the dissent asserts that “Burton provides a modest protection against admitting unsupported hearsay statements when there is no other independent evidence establishing that the underlying event occurred.” Post at 150 (emphasis in the original). As explained on p 132 of this opinion, given the plethora of independent evidence in this case, “we do not need to reach the question whether the statement standing alone could supply the evidence of the startling event.”