# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WALLACE EDGAR MOORE,

        Defendant-Appellant.

UNPUBLISHED
July 12, 2016

No. 326755
Oakland Circuit Court
LC No. 2014-252180-FC

Before: RIORDAN, P.J., and SAAD and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals his jury convictions of armed robbery, MCL 750.529, and assault with intent to do great bodily harm less than murder, MCL 750.84. The court sentenced defendant to 25 to 75 years' imprisonment for each conviction. For the reasons provided below, we affirm.

At trial, Larry Lamb testified that he was alone in the annex building of the Center Stage homeless shelter in Pontiac on April 13, 2014, when defendant approached him from behind and hit him multiple times with an aluminum baseball bat. Lamb also said that, after he was incapacitated, defendant took $98 from his pocket. Though Lamb acknowledged that he did not see defendant before the first blow, he was adamant that he saw defendant thereafter and was certain defendant was the attacker. Three individuals testified that after the attack, Lamb told them that defendant was the one who was responsible.

On appeal, defendant claims that he was denied his constitutional right to a fair trial because the testimony concerning Lamb's out-of-court statements was hearsay and was not properly admissible under any of the exceptions provided by the rules of evidence. We disagree. Defendant never objected to the admission of the evidence and did not raise a due-process concern at the trial court. Accordingly, we review this unpreserved claim for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

The Fourteenth Amendment to the United States Constitution provides, in relevant part, that no State shall "deprive any person of life, liberty, or property, without due process of law." US Const, Am XIV. Thus, the question is whether the trial court plainly failed to conform to due process of law and legal standards for a fair trial. We answer the question in the negative because it is evident that the evidence at issue was properly admissible under the applicable rules of evidence.

-1-

A statement that falls within the definition of hearsay may not be introduced at trial unless it is deemed admissible under one of the exceptions to the general rule against hearsay. MRE 802; *People v Musser*, 494 Mich 337, 350; 835 NW2d 319 (2013). "Hearsay" is defined as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). However, MRE 801(d) sets forth several types of out-of-court statements that are by definition *not* hearsay. We agree with defendant that the statements at issue do not fall under the definition provided by MRE 801(d)(1)(B)[1] because there was no charge at trial of "recent fabrication or improper influence or motive" on the part of Lamb.

However, defendant fails to address MRE 801(d)(1)(C), which includes in its definition of nonhearsay statements, those "of identification of a person made after perceiving the person." The rule does not make all such statements nonhearsay. The statements, which fall within the rule, are those in which the statement's declarant testifies at trial and is subject to cross-examination. MRE 801(d)(1); *People v Malone*, 445 Mich 369, 375; 518 NW2d 418 (1994).

Here, Amanda White, David Coleman, and Officer Daniel Vasquez each testified that Lamb told them that "Gater" was the person he saw assault him. White and Coleman both had personal knowledge that defendant was commonly known as "Gater" and referred to him by that name at trial. Officer Vasquez also confirmed that "Gater" was one of defendant's known aliases. Thus, because the challenged statements were statements of identification made by a declarant who testified at trial and was subject to cross-examination, defendant has failed to show how it was plainly erroneous to have those statements admitted as substantive nonhearsay under MRE 801(d)(1)(C). Accordingly, having failed to establish plain error, defendant is not entitled to any relief.

Furthermore, the admissibility of the statements was not affected by defense counsel's suggestion that Lamb did not have an opportunity to clearly perceive his attacker. Such concerns go to the *weight* of the evidence, not its *admissibility*, and it was for the jury to decide how much weight to give it. We note that the jury did not have to make this determination in a vacuum. Instead, it had the benefit of the cross-examination of both (1) Lamb, the declarant, see MRE 801(d)(1) (requiring the declarant to have testified and be subject to cross-examination for the declarant's out-of-court statement of identification to be nonhearsay); *Malone*, 445 Mich at 381-382, and (2) White, Coleman, and Officer Vasquez, who testified to the circumstances surrounding Lamb's identification, see *Malone*, 445 Mich at 385. Here, Lamb continuously maintained during his direct and cross-examination testimony that he saw defendant. The jury's ultimate conviction of defendant demonstrates that it found Lamb's identification, as well as the circumstances surrounding his out-of-court statements, credible.

Because the challenged statements by Lamb, which were offered by Officer Vasquez, White, and Coleman, were admissible nonhearsay under MRE 801(d)(1)(C), defendant's

---

[1] MRE 801(d)(1)(B) defines as nonhearsay, out-of-court statements that are "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive."

contention that the statements were not admissible under any hearsay *exception* is a moot argument.[2]  Regardless, assuming that the statements in question were hearsay, defendant has failed to show how they would not fall under the excited utterance exception under MRE 803(2).

Pursuant to MRE 803(2), "a statement will not be excluded by the hearsay rule if it is '[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.' " *People v Barrett*, 480 Mich 125, 131; 747 NW2d 797 (2008), quoting MRE 803(2).  The policy for admitting excited utterances is that, because of the stress of the startling event, the declarant will not engage in conscious reflection before making a statement, and therefore lacks the capacity to fabricate.  *People v Walker*, 265 Mich App 530, 534; 697 NW2d 159 (2005), vacated in part on other grounds by 477 Mich 856 (2006).  Accordingly, passage of time between the event and the statement is an important factor, but it is not dispositive.  *Id*.  "Physical factors, such as shock, unconsciousness, or pain, may prolong the period in which the risk of fabrication is reduced to an acceptable minimum." *People v Smith*, 456 Mich 543, 552; 581 NW2d 654 (1998) (quotation marks and citation omitted).

When Lamb told Officer Vasquez, White, and Coleman that defendant was the person he saw attack him, the record shows that he was still under the stress of having been brutally beaten with an aluminum baseball bat.  Lamb testified that he was incapacitated by the attack, and said, "I don't even know how I got out the building, really, after I was damaged."  White found Lamb outside the annex and immediately took him to the Center Stage kitchen area and called the police.  While she was still on the phone with the 911 operator, Coleman came into the kitchen and saw Lamb lying on the floor with blood everywhere.  As Coleman picked up Lamb's teeth from the floor, he observed that Lamb could hardly talk.  However, when White continued to ask him what happened, Lamb indicated that defendant was the person who attacked him.  Officer Vasquez testified that when he arrived, Lamb was still bleeding profusely and was hard to understand, though he was "coherent."  Lamb's injuries were so severe that he was placed in a medically-induced coma to avoid the risk of bleeding in his brain.  There can be little doubt that Lamb was suffering extreme pain when he identified defendant as his attacker.

Admittedly, it is unclear from the record exactly how much time passed between the assault and Lamb's out-of-court statements.  However, it can be inferred that the assault took place sometime after Coleman last saw defendant on the premises around midnight.  Additionally, White testified that several homeless people started lining up about an hour before she was done cleaning, purportedly based on defendant's direction.  Lamb identified defendant as his attacker shortly after White initiated the 911 call at 2:58 a.m.  Thus, at most, two to three hours may have elapsed between the startling event and Lamb's statements of identification.  In light of the physical shock and incapacitation Lamb was suffering, the possible three-hour

---

[2] Hearsay exceptions are primarily covered in MRE 803 and 804.  Those rules cover statements that *are* hearsay but nonetheless are admissible because they are inherently reliable.  As already discussed, the statements at issue are, by definition, *not* hearsay and therefore these hearsay exceptions simply do not apply.

interval between the assault and his statements does not preclude their admission under the excited utterance exception. See, e.g., *id.* at 552-553 (finding continuing stress after an interval of over nine hours); *Walker*, 265 Mich App at 534-535 (finding sufficient indicia of continued stress after a delay in excess of two hours). Therefore, even if the challenged statements were hearsay, defendant has failed to show how their admission was plainly erroneous under MRE 803(2).

Defendant also argues that he was denied the effective assistance of counsel because defense counsel did not object when the prosecutor elicited testimony regarding Lamb's out-of-court statements from Officer Vasquez, White, and Coleman. Ineffective assistance of counsel claims present a mixed question of fact and constitutional law. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Findings of fact are generally reviewed for clear error, and rulings on questions of constitutional law are reviewed de novo. *Id.* However, when the defendant's ineffective assistance of counsel claim was not preserved at the trial court level, as was the case here, this Court's review is limited to errors that are apparent from the record on appeal. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

To establish a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's representation at the proceeding "fell below an objective standard of reasonableness" and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), citing *Strickland v Washington*, 466 US 668, 688-694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

Here, as already discussed, the challenged testimony did not constitute inadmissible hearsay. Rather, it was not hearsay as a prior statement of identification pursuant to MRE 801(d)(1)(C). Accordingly, any objection to the testimony on hearsay grounds would have been futile, and "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120, 125 (2010).

Affirmed.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Kelly

-4-