*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TIMOTHY J. FITZGERALD,

        Defendant-Appellant.

UNPUBLISHED
September 19, 2019

No. 341775
Berrien Circuit Court
LC No. 2017-000374-FH

Before: SWARTZLE, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Timothy J. Fitzgerald, appeals as of right his jury convictions for manufacturing 200 or more marijuana plants, MCL 333.7401(2)(d)(*i*), possession of marijuana with intent to deliver, MCL 333.7401(2)(d)(*iii*), and maintaining a drug house, MCL 333.7405(1)(d). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

In October 2015, the Berrien County Narcotics Unit executed a search warrant at 13212 Red Arrow Highway. The officers discovered a marijuana growing facility. Billy Crum, the renter of the facility, was a patient and registered marijuana caregiver, but exceeded the legal limit of plants he could grow. Crum was charged with manufacturing marijuana and maintaining a drug house. Pursuant to a plea agreement with the prosecution, Crum pleaded guilty, agreeing to testify against other people involved in the marijuana growing operation at this location.

After his release, Crum again began to grow marijuana at the same location. Around the same time, Crum purchased a calendar to track the business's marijuana-related activities. Crum testified, however, that he began to have second thoughts about the marijuana business and expressed interest in selling it. Crum stated that Fitzgerald contacted him with an offer to purchase the business, and that he agreed to sell the plants and equipment at the business to Fitzgerald for $100,000. As part of the sale, Crum agreed to advise Fitzgerald and his associates with respect to the manufacturing process and the facility's operation on an ongoing basis. Fitzgerald was present when Crum was paid for the business. Subsequently, in June 2016, the police raided the facility again. During the search, the officers seized the calendar Crum had

purchased because it contained entries tracking the operation of the facility by various coconspirators. The record reflects that Crum made some of the entries, but the author or authors of the remaining entries were not identified.

Based on his involvement in the marijuana growing and distributing business, Fitzgerald was charged with manufacturing more than 200 marijuana plants, possession of marijuana with intent to deliver, and maintaining a drug house. At trial, the prosecution's theory was that Fitzgerald aided and abetted in the operation of the marijuana growing and distributing business because he initiated and negotiated the purchase of the plants and equipment from Crum, was sometimes at the facility to review its operation, gave legal advice regarding the sale of medical marijuana to at least one coconspirator, arranged for the payment of rent for the facility, paid for electricity and supplies, and took an active role in maintaining the plants and operations.

## II. ADMISSIBILITY OF EVIDENCE

### A. STANDARD OF REVIEW

On appeal, Fitzgerald argues that the calendar that the police seized in the June raid was not properly authenticated and therefore should not have been admitted into evidence. We review a trial court's decision to admit evidence for an abuse of discretion. *People v Bynum*, 496 Mich 610, 623, 852 NW2d 570 (2014). "A trial court abuses its discretion when it makes an error of law in the interpretation of a rule of evidence." *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015).

### B. ANALYSIS

The calendar was admitted under MRE 801(d)(2)(E) as a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The prosecution acknowledged that there was no evidence of who wrote all the entries, but it noted that Crum (the witness used to introduce the evidence) testified as to the nature of the calendar as a document he and the coconspirators used to coordinate the marijuana growing operation. Furthermore, the record reflects that the calendar described names, activities, and occurrences that were consistent with the alleged marijuana growing operation.

Fitzgerald argues that the calendar could not be authenticated because not all of its authors were identified at trial. " 'The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.' " *People v McDade*, 301 Mich App 343, 352; 836 NW2d 266 (2013), quoting MRE 901(a). "It is axiomatic that proposed evidence need not tell the whole story of a case, nor need it be free of weakness or doubt." *McDade*, 301 Mich App at 353 (quotation marks and citation omitted). "It need only meet the minimum requirements for admissibility." *Id*. (quotation marks and citation omitted). Authentication may be supported by evidence including, but not limited to, testimony of a witness with knowledge, opinion on handwriting, and distinctive characteristics. MRE 901(b)(1), (2), and (4). In addition, "a trial court may consider *any* evidence regardless of that evidence's admissibility at trial, as long as the evidence is not privileged, in determining whether the evidence proffered for admission at trial is admissible." *People v Barrett*, 480 Mich 125, 134; 747 NW2d 797 (2008).

Contrary to Fitzgerald's arguments on appeal, authentication is not inherently focused on the identification of authorship, but rather the authentication only requires that a document "is what its proponent claims." MRE 901(a). Here, the prosecution claimed that this document was a calendar kept in the course of the business of a particular marijuana growing operation at a particular location. And, notwithstanding the lack of testimony regarding the identity of all the calendar's authors, there was sufficient evidence to establish that the calendar was, in fact, what the prosecution claimed it was.

Crum testified that the calendar was related to the facility and the growing of marijuana. He identified and described his own entries, most of which were related to the growing of plants, harvesting, and grow-light maintenance. Crum also testified extensively about the operation of the business, indicating his own role in the operation, transportation of the product, and the role of Fitzgerald in seeking advice in the operation of the facility. Crum explained that the calendar was intended to coordinate the activities at the marijuana growing facility. The prosecution also presented circumstantial evidence linking the calendar to the marijuana growing operation, including the correlation of marijuana strains found at the scene to strains listed on the calendar, the correlation of nicknames and names of individuals mentioned on the calendar to the alleged coconspirators, the correlation of the entries on the calendar to the beginning and end of the marijuana growing operation, and the fact that the calendar was physically recovered from the scene of the marijuana growing operation. This was sufficient to authenticate the calendar even though it was partially authored by an unknown author. See *United States v Hemel*, 769 F2d 1306, 1312-1313 (CA 8, 2013) (holding that authentication of a ledger authored by an unknown author was sufficient when the location of the ledger at the defendant's home surrounded by related contraband and the entries within containing names and nicknames of coconspirators sufficiently corroborated that the ledger was a document maintained by coconspirators); *United States v Smith*, 918 F2d 1501, 1510 (CA 11, 1990) ("These circumstances confirm that the author or authors of the ledgers were intimately involved in the operation of the narcotics conspiracy at issue in the case. This is sufficient for purposes of Rule 901; the specific identity of the author is not necessary."). Accordingly, the trial court did not abuse its discretion by allowing the calendar to be admitted as evidence against Fitzgerald.

Affirmed.

/s/ Brock A. Swartzle
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly